# United States Court of Appeals
## For the First Circuit

No. 09-2545

UNITED STATES OF AMERICA,

Appellee,

v.

ALVIN RÍOS-HERNÁNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Torruella, Circuit Judge,
Souter,* Associate Justice,
and Boudin, Circuit Judge.

Amy R. Silverman, with whom Alan D. Rose and Rose, Chinitz & Rose, were on brief for appellant.
Carmen M. Márquez, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, Unites States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Luke Cass, Assistant United States Attorney, were on brief for appellee.

June 2, 2011

* The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**TORRUELLA**, **Circuit Judge**.   Defendant-appellant Alvin Ríos-Hernández entered into a plea agreement with the government and pled guilty to one count of taking, by force and "with the intent to cause death or serious bodily harm . . . a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce" in violation of 18 U.S.C. § 2119.   He now challenges (1) the validity of the waiver-of-appeal provision in the plea agreement, and (2) the enhanced sentence he received because he was designated as a career offender.   Although we do not consider the appeal foreclosed by the waiver-of-appeal provision, we find that his appeal does not withstand the onerous burden of plain error review and we therefore affirm the district court's sentence.

## I.   Background

When considering a sentencing appeal following the entry of a guilty plea, we gather the facts from the change-of-plea colloquy, the plea agreement and the uncontested portions of the presentence investigation report (the "PSI").   United States v. Madera-Ortiz, No. 10-1474, 2011 U.S. App. LEXIS 3754, at *1 (1st Cir. Feb. 25, 2011); United States v. Fernández-Cabrera, 625 F.3d 48, 50 (1st Cir. 2010); Sotirion v. United States, 617 F.3d 27, 30 (1st Cir. 2010).   On November 3, 2008, a man drove his 2005 white Toyota Echo to the beach in Aguadilla, Puerto Rico.   Ríos-Hernández attacked the man with a knife, abandoned him at the scene, and took

his car.  The victim sustained serious bodily injuries.  Ríos-Hernández later abandoned the car in Isabela, Puerto Rico.

The federal grand jury charged Ríos-Hernández with one count of taking, by force and with the intent to cause death or serious bodily harm, a motor vehicle that had been transported, shipped, or received in interstate or foreign commerce in violation of 18 U.S.C. § 2119.  Ríos-Hernández and the government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1).  The agreement provided that Ríos-Hernández would plead guilty to the count charged in the indictment and that the parties would recommend that the court sentence him to the lower end of the applicable guideline range.  The parties did not stipulate as to the defendant's criminal history category.  The plea agreement did, however, outline his sentencing exposure and provide estimated guideline sentencing ranges for criminal categories one through six.

The plea agreement also contained a waiver-of-appeal provision which stated, "The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgement [sic] and sentence in this case."

During the change-of-plea colloquy, which took place on June 12, 2009, the court addressed the defendant to ensure he

understood that he was waiving certain rights due to his guilty plea. The court specifically questioned the defendant regarding the waiver-of-appeal provision in the plea agreement:

> THE COURT: You could appeal a sentence imposed under the guidelines, but your Plea Agreement is going to contain a waiver of appeal clause. That means there will be no appeal in this case. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> MR. GUZMÁN [Defense counsel]: Your Honor, just to be absolutely sure that we're straight, Your Honor, Paragraph 17 I think is the waiver of appeal, and we adhere to that as written in the Plea Agreement.
>
> THE COURT: Absolutely, and you know if something extraordinary happens I will let him appeal.
>
> MR. GUZMÁN: I understand, Your Honor.
>
> THE COURT: Okay. If the sentence that you receive is more severe than what you expect, that by itself will not allow you to withdraw your plea. Is that clear?
>
> THE DEFENDANT: Yes.

The United States Probation Office filed the PSI on October 14, 2009. The PSI classified Ríos-Hernández as a career offender pursuant to the U.S. Sentencing Guidelines ("Sentencing Guidelines"), U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2009), based on two prior felony convictions for crimes of violence -- a violation of P.R. Laws Ann. tit. 8, § 633, the Abuse by Threat statute, for which he was arrested on November 25, 2004, and a violation of P.R. Laws Ann. tit. 8, § 631, the Abuse statute,

for which he was arrested on September 28, 2006. In the sentencing memorandum that he submitted on October 19, 2009, Ríos-Hernández argued that he should not be classified as a career offender. Defense counsel argued that "even though Mr. Rios technically qualifies as a career offender, the circumstances herein were not those envisioned by that guideline section. . . . The career offender guideline was not meant to be triggered by two prior convictions involving consensual mutual combat between two individuals who chose this behavior as their lifestyle." Ríos-Hernández's sentencing memorandum also explained that "[t]he relationship between [Ríos-Hernández] and his common law wife . . . has been described as mutually combative. They were both using drugs and . . . under the influence [when] they fought. When the fights occurred, his wife would report them to the police. He never did."

The sentencing was held on October 20, 2009. Defense counsel objected again to Ríos-Hernández's classification as a career offender, making the same arguments that he made in the sentencing memorandum. The following exchange took place during the sentencing hearing:

> MS. MÁRQUEZ [for the government]: Your Honor, as far as the Government goes, we agreed to recommend a sentence of . . . 25 -- just at the offence level 25, but we didn't know what criminal history.
>
> . . . .

-5-

THE COURT: But what criminal history -- can I see the Plea Agreement?

MR. GUZMÁN: Yes, Your Honor.

MS. MÁRQUEZ: Yes, Your Honor. There is no stipulation as to the Criminal History Category, Your Honor. Just level 25, lower end of the applicable guidelines.

THE COURT: You consider all the possibilities here, 25, and [the Criminal History Category] went from I to VI.

MS. MÁRQUEZ: Exactly, and no stipulation, Your Honor.

THE COURT: And the stipulation was that he be sentenced to the lower end of the applicable guidelines?

MS. MÁRQUEZ: Exactly.

. . . .

THE COURT: I'm saying rather than using a VI and a 31, rather than using a BOL of 31 and a Criminal History Category of VI, use a 25 with a Criminal History Category of VI. That fits exactly within the Plea Agreement.

MS. MÁRQUEZ: Okay.

MR. GUZMÁN: Okay. I mean I'm saying okay like if I had a say in this. I understand what you're saying.

. . . .

MS. MÁRQUEZ: Your Honor, just that we stand by the Plea Agreement, and we recommend the lower end of the applicable guideline.

. . . .

THE COURT: . . . I'd rather sentence him at the level contemplated by the parties in the Plea Agreement, which is a BOL of 25, Criminal

> History Category of VI. That gives us a
> Guideline Imprisonment Range of 110 to 137
> months; a fine range of 10,000 to 100,000; and
> supervision of at least two to five.
>
> . . . .
>
> THE COURT: . . . And I will sentence him to
> 120 months, which is kind of a middle range;
> no fine; and five years of supervision under
> the standard conditions . . . .
>
> . . . .
>
> Even though he waives his right to appeal in
> this case, I am going to recognize his right
> to have the sentence reviewed by the Court of
> Appeals.

The defendant was classified as a career offender under U.S.S.G. § 4B1.1 because he had two predicate offenses. The district court entered judgment on October 20, 2009. The court sentenced the defendant to a term of one hundred and twenty months of imprisonment and five years of supervised release. Ríos-Hernández filed a notice of appeal on October 22, 2009.

## II. Discussion

Ríos-Hernández argues that his waiver-of-appeal is invalid because the district court's statements at the change-of-plea hearing and at the sentencing were so misleading that his

waiver-of-appeal was not knowing and voluntary.[1]  On appeal, he seeks to challenge his classification as a career offender.

## A.  Presentence Waiver of Appellate Rights

A criminal defendant may waive his right to appeal as long as his waiver is voluntary and made with knowledge of the consequences of the waiver. United States v. Teeter, 257 F.3d 14, 21, 24 (1st Cir. 2001).  In order to ensure that such waiver is knowing and voluntary, the Federal Rules of Criminal Procedure require that the court "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  To determine the validity of a waiver of rights, we focus on the plea agreement and the change-of-plea colloquy.  Teeter, 257 F.3d at 24.  In particular, we determine (1) whether the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope"; (2) "whether the court's interrogation suffices to ensure that the defendant freely and intelligently agreed to waive [his] right to appeal [his] forthcoming sentence"; and (3) whether "denying a right of appeal would work a miscarriage of justice[.]" Id. at 24-25.

---

[1]  The appellant claims that the following statements were misleading: 1) "you know if something extraordinary happens I will let him appeal"; and 2) "Even though he waives his right to appeal in this case, I am going to recognize his right to have the sentence reviewed by the Court of Appeals."

We must construe plea agreements and waiver-of-appeal provisions therein according to basic contract principles. United States v. Acosta-Román, 549 F.3d 1, 3 (1st Cir. 2008). Any ambiguities should be resolved in favor of allowing the appeal to proceed. Fernández-Cabrera, 625 F.3d at 51.

We assume, without deciding, that the waiver of appellate rights would have been valid under Teeter, see 257 F.3d at 24-25, but we will consider the merits because we find that the district court failed to sentence the defendant according to the agreed upon recommendation, and that the defendant's waiver was conditional on receiving a sentence consistent with that recommendation.[2] See Fernández-Cabrera, 625 F.3d at 51 (finding that the waiver-of-appeal provision did not prevent defendant's appeal where the court did not follow the parties' joint recommendation and the waiver-of-appeal provision was conditional on the court sentencing the defendant according to the parties' joint recommendation).

We find that Fernández-Cabrera controls in this case. There, we allowed the appeal to proceed despite the fact that the defendant signed a plea agreement with a waiver-of-appeal provision because the district court did not follow the parties' joint sentencing recommendation. Id. The language of the waiver provision in Fernández-Cabrera was such that the waiver "[did] not

---

[2]   We therefore need not address whether the district court's statements at the change-of-plea hearing and the sentencing would have nullified the waiver.

-9-

attach unless the district court ha[d] 'sentence[d] the defendant according to the sentencing recommendations contemplated [in the plea agreement].'" Id. Similarly, the language in Ríos-Hernández's plea agreement states that he waives and surrenders his right to appeal "if [the] Honorable Court . . . sentences him according to [the plea agreement's] terms, conditions and recommendations" (emphasis added). The sentencing recommendation in the Fernández-Cabrera plea agreement was "a joint entreaty that the district court sentence the defendant to a term of imprisonment 'equal to the lower end of the applicable guidelines.'" Id. Likewise, the sentencing recommendation in the Ríos-Hernández plea agreement was "that the defendant be sentenced to the lower end of the applicable guidelines." Finally, like in Fernández-Cabrera, where the district court sentenced the defendant to a mid-range sentence instead of the low-end sentence recommended in the plea agreement, id., the district court sentenced Ríos-Hernández to a "middle range" sentence. Here, the condition upon which the waiver-of-appeal depended -- that the defendant's sentence be in the lower end of the applicable guidelines -- was not satisfied.

We acknowledge that there is a difference between the sentencing recommendation in Fernández-Cabrera and the recommendation in the present case. The parties in Fernández-Cabrera were sure that the guideline sentencing range was between thirty and thirty-seven months, id., whereas the parties in this

case knew only that the offense level was twenty-five; there was no stipulation as to the defendant's criminal history category. However, regardless of the applicable criminal history category, the court sentencing Ríos-Hernández recognized that "the stipulation was [that] he be sentenced to the lower end of the applicable guidelines[,]" noted that the applicable range was 110 to 137 months, and yet decided to "sentence [Ríos-Hernández] to 120 months, which is kind of a middle range." We conclude that "the waiver-of-appeal provision, as framed, was relegated to the scrap heap[,]" id., and we therefore proceed to the merits.

### B. Career Offender Classification

Ríos-Hernández argues that the district court erred in classifying him as a career offender pursuant to section 4B1.1 of the Sentencing Guidelines because his conviction under Puerto Rico's Abuse by Threat statute, P.R. Laws Ann. tit. 8, § 633, is not a crime of violence. The government contends that the defendant waived this argument because it is different from the one he presented below. In the sentencing memorandum filed in the district court, Ríos-Hernández objected to the conclusion in the PSI that he was a career offender pursuant to U.S.S.G. § 4B1.1, arguing that "[t]he career offender guideline was not meant to be triggered by two prior convictions involving consensual mutual combat between two individuals who chose this behavior as their lifestyle." Although this is a general objection to the

-11-

defendant's classification as a career offender, it was not sufficient to give the district court notice of the specific issue raised here -- that the court should have used the categorical approach to determine whether the defendant's conviction under the Abuse by Threat was a "crime of violence."  See United States v. Ahrendt, 560 F.3d 69, 76 (1st Cir. 2009) (applying plain error review to an argument on appeal where the defendant's generic objection could not "be fairly interpreted as giving notice to the court of the[] . . . very specific issues [on appeal]").  We conclude that Ríos-Hernández's argument in the district court is sufficiently different from the one raised on appeal that the argument is forfeited and will be reviewed for plain error.  United States v. Capozzi, 486 F.3d 711, 718 (1st Cir. 2007) (noting that an argument that was forfeited would be reviewed only for plain error); United States v. Lilly, 13 F.3d 15, 17-18 & n.6 (1st Cir. 1994) (noting that legal arguments cannot be interchanged at will and determining that an argument not squarely raised in the lower court is waived, except where the error is plain).

A party seeking to survive the onerous challenge of plain error review "must show:  '(1) that an error occurred (2) which was clear and obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'"  Ahrendt, 560 F.3d at 76 (quoting United States v. Duarte, 246 F.3d

56, 60 (1st Cir. 2001)). We conclude that the appellant does not clear the high bar to surpass plain error review. Lilly, 13 F.3d at 18 n.6 ("The criteria for a finding of plain error in the sentencing context are . . . rigorous.").

Assuming, without deciding, that an error occurred, we find that Ríos-Hernández does not satisfy the second criterion of the plain error standard. The error, namely, the failure to use the categorical approach to determine whether the defendant's prior conviction under the Abuse by Threat statute was a "crime of violence," United States v. Almenas, 553 F.3d 27, 33 (1st Cir. 2009), was not clear and obvious.[3] The defendant's sentencing memorandum stated that "even though Mr. Rios [sic] technically qualifies as a career offender, the circumstances here were not those envisioned by that guideline section[,]" (emphasis added) and described the prior convictions as "involving consensual mutual

---

[3] The categorical approach requires a court to compare the statutory definition of the relevant offense with the definition of "crime of violence," as stated in section 4B1.2 of the Sentencing Guidelines. Taylor v. United States, 495 U.S. 575, 600 (1990); Almenas, 553 F.3d at 33. If the court determines that the language of the statute is "broad enough to criminalize both violent and non-violent conduct," the court must take a second step and "determine whether a defendant was actually charged with an offense that involved violent or potentially violent conduct." United States v. Williams, 529 F.3d 1, 4 (1st Cir. 2008). When conducting the second step of the categorical approach, the court may look to "charging documents filed in the court of conviction, . . . recorded judicial acts of that court, . . . a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases . . . a transcript of [the] plea colloquy or [the] written plea agreement presented to the court . . . ." Shepard v. United States, 544 U.S. 13, 20 (2005).

combat." At the sentencing hearing, defense counsel again characterized the prior offenses in the same way. The district court could have reasonably interpreted the statements in the defendant's sentencing memorandum and his counsel's statements during the sentencing hearing as acquiescence that both domestic violence convictions involved (1) statutes containing "the use . . . or threatened use of physical force against the person of another" as an element or (2) offenses that "involve[] conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2. Given this apparent acquiescence to the characterization of the prior convictions as crimes of violence and the lack of objection to the court's reliance on the PSI as a source of information about the nature of the prior convictions, we cannot say that it would have been clear and obvious to the district court[4] that it should have conducted the categorical approach and possibly probed further into the record of conviction. See United States v. Jiménez, 512 F.3d 1, 7 (1st Cir. 2007)

---

[4] We note that we may examine an error that was not clear and obvious to the district court where the error becomes clear on appeal because settled law subsequently changes. United States v. Dancy, No. 09-2628, 2011 WL 1418854, at *8 (1st Cir. Apr. 13, 2011) (noting that plain error review applies to an argument that was not raised in the district court and settled law has changed between trial and appeal); United States v. Barone, 114 F.3d 1284, 1294 (1st Cir. 1997) ("'[I]n a case such as this-where the law at the time of trial was settled and clearly contrary to the law at the time of appeal-it is enough that an error be "plain" at the time of appellate consideration[.]'" (quoting Johnson v. United States, 520 U.S. 461, 468 (1997))).

("Where, as here, the characterization of an offense contained in a presentence report is not disputed before the sentencing court, the report itself is competent evidence of the fact stated and, thus, is sufficient proof of that fact."); United States v. Turbides-Leonardo, 468 F.3d 34, 38-39 (1st Cir. 2006) (finding no clear and obvious error where defendant seemingly acquiesced to the characterizations and computations contained in the PSI report and the district court therefore did not employ the categorical approach to determine whether the prior conviction was a predicate offense qualifying him for a sentencing enhancement). The defendant failed to satisfy the second requirement to show that there was plain error.

### III. Conclusion

Because appellant fails to meet the onerous plain error standard of review, we affirm.

**Affirmed**.