**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1858

UNITED STATES OF AMERICA,

Appellee,

v.

NOEL ROSARIO-COLÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Stahl and Howard,
Circuit Judges.

Carlos M. Sánchez La Costa, by Appointment of the Court, on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Rosa Emilia Rodriguez-Velez, United States Attorney, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

July 25, 2011

**STAHL, Circuit Judge**. Defendant-appellant Noel Rosario-Colón pled guilty to aiding and abetting the impersonation of an officer of the United States in violation of 18 U.S.C. §§ 2 and 912 (count one), interference with commerce by threats or violence in violation of 18 U.S.C. §§ 2 and 1951 (count two), and carriage of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c) (count three). The district court sentenced him to a term of twenty-four months' imprisonment to be served consecutively to an undischarged sentence that he was then serving for a prior criminal conviction in case number 06-270 (JAG), which involved similar offenses. Rosario-Colón appeals on the ground that his counsel was ineffective in failing to argue that his term of imprisonment should run concurrently, rather than consecutively, to his undischarged sentence. We affirm the judgment below without prejudice to Rosario-Colón's right to raise his claim of ineffective assistance of counsel on collateral review because a collateral proceeding brought under 28 U.S.C. § 2255, and not a direct appeal, is usually the proper vehicle for a claim of ineffective assistance of counsel, particularly when the evidentiary record is insufficient to evaluate the claim. See United States v. García-Pastrana, 584 F.3d 351, 388 (1st Cir. 2009) (citing United States v. Genao, 281 F.3d 305, 313 (1st Cir. 2002)).

We recount the facts as stated during the change-of-plea colloquy, the plea agreement, and the uncontested portions of the

presentence investigation report. <u>United States</u> v. <u>Ríos-Hernández</u>, __ F.3d __, No. 09-2545, 2011 WL 2150738, at *1 (1st Cir. June 2, 2011). On May 5, 2006, Rosario-Colón and two co-defendants dressed in law enforcement tactical uniforms with holstered weapons and, pretending to be federal agents, conducted a traffic stop in Puerto Rico.[1] They demanded and obtained $5000 from two Puerto Rican citizens under the guise that the money being seized was part of a federal money laundering investigation. At the time of the incident, Rosario-Colón was a sergeant for the Commonwealth of Puerto Rico Police Department.

On October 13, 2009, pursuant to a negotiated plea agreement, Rosario-Colón pled guilty to the three charged offenses. The plea agreement provided for a total recommended sentence of 78 months based on a sentencing guideline range of 18 - 24 months for counts one and two and a statutorily mandated consecutive sentence of 60 months for count three. The parties' calculations assumed a Criminal History Category ("CHC") of I, although the agreement did not stipulate to a CHC assessment. The agreement also reserved to the parties the right to argue whether the sentence should run concurrently or consecutively to the sentence imposed in case number 06-270.

Before sentencing, the district court ordered the filing

---

[1]The record does not indicate where in Puerto Rico the incident occurred.

of simultaneous memoranda of law speaking to: (1) the assignment of criminal history points to Rosario-Colón due to his conviction in case number 06-270; and (2) whether, in view of the plea agreement, the sentence imposed should run concurrently or consecutively to his prior, undischarged sentence. The government submitted a memorandum of law that argued for a consecutive sentence, and it subsequently filed a supplemental memorandum asserting that Rosario-Colón should be assigned criminal history points. As noted by the district court when it ordered the government to file the supplemental memorandum, counsel for Rosario-Colón showed a "total disregard" for the court's order, having failed to file a memorandum of law that addressed either issue.

Before the district court ruled, both parties moved to dismiss count three of the operative indictment, and the court did so without prejudice.[2] Then, after review of the government's two submissions, the district court found that Rosario-Colón's criminal history resulted in 3 criminal history points, a CHC of II, and a revised advisory guideline range of 21 - 27 months. It also held that the issuance of a concurrent or a consecutive sentence was within its sound discretion. Upon consideration of the government's arguments, the sentencing factors set forth in 18

_____

[2]A report and recommendation issued as to one of Rosario-Colón's co-defendants precipitated the motions, in which it found that the elements of count three at least partially contradicted the elements of count two, warranting count three's dismissal.

U.S.C. § 3553(a), and aspects related to the prior, undischarged sentence, the court found that a fully consecutive sentence was the most reasonable punishment.

Sentencing followed. At the hearing, counsel for Rosario-Colón reminded the court of the dismissal of count three and stated that he and his client agreed on the sentence recommended by the probation office and government. The government then requested that Rosario-Colón be sentenced to the full guideline range of 27 months and that it run consecutively to the undischarged sentence. Upon consideration of the guideline calculations and sentencing factors, the district court sentenced Rosario-Colón to 24 months as to counts one and two, to be served concurrently with each other and consecutively with the prior sentence.

On appeal, Rosario-Colón raises an ineffective assistance of counsel claim based on his counsel's failure to argue for a sentence concurrent with that in case number 06-270 despite the plea agreement's contemplation of such argument and the district court's order to submit a memorandum on the issue. To satisfy the requirements of an ineffective assistance claim, a defendant must show that: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice to the applicant." West v. United States, 631 F.3d 563, 567 (1st Cir. 2011) (citing Strickland v. Washington,

466 U.S. 668, 687 (1984)).

Rosario-Colón has not yet presented his claim to the district court, and, consequently, it is not ripe for review. This circuit has "held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." United States v. Mala 7 F.3d 1058, 1063 (1st Cir. 1993); see also, e.g., United States v. Rivera-Gonzalez, 626 F.3d 639, 644-45 (1st Cir. 2010); United States v. Torres-Oliveras, 583 F.3d 37, 43 (1st Cir. 2009); cf. Massaro v. United States, 538 U.S. 500 (2003) (permitting ineffective assistance claims to be brought in the first instance under § 2255).

To be sure, we have recognized an exception to this rule "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991); see also United States v. Wyatt, 561 F.3d 49, 52 (1st Cir. 2009) (noting exception to rule when "trial counsel's ineffectiveness is manifestly apparent from the record"). Despite Rosario-Colón's urgings, however, this case, does not fall within the exception. For example, from the record before us we are left to speculate whether defense counsel's failure to argue for a concurrent sentence was a strategic decision in view of the

dismissal of count three or, instead, an unintentional oversight. Further, we are not properly positioned to analyze whether any alleged deficiency prejudiced Rosario-Colón. See Rivera-Gonzalez, 626 F.3d at 645 ("[I]t is the trial court, rather than the appellate court, that is in the best position to assess whether counsel's performance, if it was in fact constitutionally deficient, resulted in prejudice to the appellant's substantial rights, as required under Strickland." (internal marks omitted) (quoting United States v. Ofray-Campos, 534 F.3d 1, 34 (1st Cir. 2008))).

Thus, we **affirm** the judgment below without prejudice to Rosario-Colón's right to reassert his claim of ineffective assistance of counsel in a separate proceeding brought under 28 U.S.C. § 2255.

**So ordered**.